THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT L. UTLEY, Respondent, v. LEONARD SEATON, Sheriff of Jefferson County, and ELIZA WHITE, Appellant.

*Habeas corpus — one arrested in a civil action cannot be discharged on, unless the process is void and not merely voidable — Code of Civil Procedure, sec. 2033.*

Appeal on the part of the defendant, Eliza White, from an order of the county judge of Jefferson county, discharging the relator on *habeas corpus* from imprisonment in the Jefferson county jail, on an execution against his person, issued on a judgment in her favor.

The relator was arrested on an execution in March, 1881, and was in custody of the sheriff. A writ of *habeas corpus* was allowed by the county judge of Jefferson county; a notice of the time and place of hearing was duly given to the judgment creditor, Eliza White, who appeared upon the return of such writ. After hearing the parties and on the twenty-fifth of April, an order discharging him from imprisonment was entered, on the ground that the execution was defective.

The court at General Term said : " It remains to be seen whether the execution in this case is so defective in matter of substance as to render it void. If so, the prisoner was properly discharged. If, however, the execution was only voidable and defective in form only, then his discharge was improper.

The following defects appear upon the face of the execution :

*First.* It is not tested.

*Second.* It recites that " the property execution was issued to the sheriff of the proper county, and was returned unsatisfied." It should have named the county to which it was issued.

*Third.* It directs the return of the execution " as required by law," instead of requiring its return to be within sixty days from the time of the receipt by the sheriff.

The Code provides that a writ or other process is not void or voidable by reason of any mistake or omission in the teste thereof. (Sec. 24.)

As to the other defects, they are defects in form only, and are not defects in matter of substance required by law, render-

ing it void. The execution may be amended upon motion as to these defects *nunc pro tunc*. The remedy of the relator is by motion to have the execution set aside. Such motion should be granted unless the court, upon the proper terms, allows the amendment. The writ of *habeas corpus* is the proper remedy only when the defects are matters of substance required by law rendering the process void." (*People ex rel. Thayer* v. *Bowe*, 20 Hun, 547; also S. C., 21 id., 614; *Carpenter* v. *Simmons*, 1 Rob., 360.)

*Charles D. Wright*, for the appellant.

*Lansing & Rogers*, for the relator.

Opinion by HAIGHT, J.; SMITH, P. J., and HARDIN, J., concurred.

Order appealed from reversed, with ten dollars costs and disbursements, and the relator remanded to the custody of the sheriff.